Richard C. Yeskoo (NYSBN 1610377)
yeskoo@yeskoolaw.com
Yeskoo Hogan & Tamlyn, LLP
139 South Street
New Providence, NJ 07974
Telephone: 908-464-8300
Facsimile: 646-349-2383

John A. Mayers (SBN 149149)
jmayers@mulvaneybarry.com
Natalie D. Wilhelm (SBN 214008)
nwilhelm@mulvaneybarry.com
MULVANEY BARRY BEATTY LINN & MAYERS LLP
401 West A Street, 17th Floor
San Diego, CA 92101-7994
Telephone: 619-238-1010
Facsimile: 619-238-1981

Attorneys for Defendant Anastasia International, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTHEA SMITH, an individual; MARGIE BARR, an individual; DANIEL BARRETT, an individual; JASON BISHOP, an individual; KRISTEN CLARK, an individual; LISA CLARK-SCHMELING, an individual; LOUISA GILDEA, an individual; DANIEL HANNEGAN, an individual; PENNY HICKS, an individual; DEREK HILL, an individual; GARET HILL-HANSON, an individual; SCOTT KAIL, an individual; BONNIE LEPORIERE, an individual; ANGELA NEILSEN, an individual; NICK OLIVERES, an individual; MORGAN REEVES, an individual; KRISTEN RIDLEY, an individual; LUCI SEED, an individual; SHANE SEEFELDT, an individual; JOAN SMITH, an individual; PHILIP SMITH, an individual; SEAN | CASE NO. '14CV1685 H   MDD<br><br>DEFENDANT'S NOTICE OF REMOVAL |

|   |   |
|---|---|
| 1 | SMITH, an individual; AND NEIL TRACHY, an individual;, |
| 2 |  |
| 3 | Plaintiffs, |
| 4 | v. |
| 5 | ANASTASIA INC., a Kentucky corporation; and DOES 1-500; |
| 6 | Defendants. |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFFS, AND TO PLAINTIFFS' COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Anastasia International, Inc., erroneously sued as Anastasia, Inc. ("Anastasia"), through undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego, where the above-titled action was filed, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1441 and 1446. Federal jurisdiction exists under the Federal Diversity Statute.

The following is a listing of the pleadings to date and a short and plain statement of the grounds for removal:

## I.

## THE STATE COURT ACTION

1. On or about June 17, 2014, Plaintiffs Althea Smith, Margie Barr, Daniel Barrett, Jason Bishop, Kristen Clark, Lisa Clark-Schmeling, Louisa Gildea, Daniel Hanegan, Penny Hicks, Derek Hill, Garet Hill-Hanson, Scott Kail, Bonnie Leporiere, Angela Nielsen, Nick Oliveres, Morgan Reeves, Kristen Ridley, Luci Seed, Shane Seefeldt, Joan Smith, Philip Smith, Sean Smith, and Neil Trachy (collectively, "Plaintiffs") filed an action in the San Diego Superior Court ("State Court") as Case No. 37-2014-00019750-CU-BT-CTL, against Defendant Anastasia International Inc., erroneously named Anastasia Inc. therein,

1  and DOES 1-500, inclusive (the "State Court Action"). The Complaint purports to
2  set forth a cause of action for violations of California's spam statute, California
3  Business & Professions Code § 17529.5, based on Plaintiffs' claims they received
4  unsolicited spam emails from Anastasia. True and correct copies of the Summons
5  and Complaint filed in the State Court Action are attached to the Declaration of John
6  A. Mayers ("Mayers Decl.") as Exhibit "A", filed concurrently herewith. True and
7  correct copies of the set of Plaintiffs' Statements of Damages are attached to the
8  Mayers Decl. as composite Exhibit "B."

9   2.  Anastasia's counsel was provided with a courtesy copy of the
10 complaint on June 19, 2014, and accepted service on behalf of Anastasia on
11 June 20, 2014. No further proceedings have been had in the State Court Action.

12  3.  The Complaint is the initial pleading setting forth the claim for
13 relief upon which this action is based and may be removed, the allegations of
14 which are incorporated into this Notice by reference without admitting the truth
15 thereof.

16  4.  Pursuant to 28 U.S.C. § 1446(a), Defendant filed this Notice of
17 Removal in the U.S. District Court for the Southern District of California
18 located in San Diego. Because the State Court Action is pending in the
19 California Superior Court for San Diego County, this is the proper district for
20 removal pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(d).

## II.
## TIMELINESS OF REMOVAL

23  5.  This Notice of Removal is being filed within thirty (30) days after
24 receipt by Defendant of the initial pleading and is timely filed pursuant to 28
25 U.S.C. § 1446(b).

## III.
## DIVERSITY OF CITIZENSHIP JURISDICTION

28  6.  This action may be properly removed on the basis of diversity of

citizenship jurisdiction, in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(a).

**A.   Complete Diversity of Citizenship Exists**

7.   All 23 Plaintiffs are alleged to be citizens of the State of California within the meaning of 28 U.S.C. § 1332(c)(1). Complaint ¶¶ 8-30.

8.   Defendant is now, and was at all relevant times, incorporated under the laws of the State of Kentucky. Defendant's headquarters are located in New York, New York.

9.   Therefore, Defendant is not a citizen of the State of California within the meaning of 28 U.S.C. § 1332(c)(1).

10.   The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal because they have not yet been named or served. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (stating that defendants not yet served in state court action need not join in the notice of removal).

11.   Accordingly, because Defendant Anastasia is a citizen of Kentucky and New York, and Plaintiffs are citizens of California, the parties are completely diverse.

**B.   Based Upon Claims Asserted in the Complaint and Statements of Damages, the Amount in Controversy Exceeds $75,000**

12.   To invoke the Court's jurisdiction under Diversity, the matter in controversy must exceed the sum or value of $75,000 (28 U.S.C. § 1332).

13.   While Defendant denies any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 95 F.3d 856, 862 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy

4

DEFENDANT'S NOTICE OF REMOVAL
ANAS.101.540619.1

Case No.

exceeds [the threshold] amount."). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

14. In determining whether a complaint meets the $75,000 threshold of 28 U.S.C. Section 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See, e.g., Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.") (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) cert. denied, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-32 (N.D. Cal. 2002) (aggregating claims for compensatory damages, punitive damages and attorneys' fees in determining amount in controversy).

15. The Complaint seeks statutory damages, punitive damages, and disgorgement of Defendants' revenues. Plaintiffs have each filed a Statement of Damages which itemizes their claim for damages. Thirteen of the twenty-three plaintiffs are seeking more than $75,000 in combined statutory penalties and punitive damages. Mayers Decl., Exhibit "B."

16. Once at least one plaintiff satisfies the amount in controversy requirement for diversity jurisdiction, the other plaintiffs come in under the court's supplemental jurisdiction regardless of whether their individual claims satisfy the amount in controversy requirements of 28 U.S.C. § 1332. *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 559, 125 S.Ct. 2611 (2005). Claims for punitive damages and attorneys' fees are counted toward the amount in controversy. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5 (1943) (punitive damages); *Galt v. JSS Scandinavia,*

142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees). The court may consider extrinsic evidence in determining the amount in controversy. *Roberts v. Corrothers*, 812 F.2d. 1173, 1177 (9th Cir. 1987).

17. In the Statement of Damages (Mayers Decl., Exhibit "B"), thirteen of twenty-three Plaintiffs allege that their combined statutory and punitive damages exceed the $75,000 threshold. Thus the amount in controversy requirement is met.

18. Because the amount in controversy exceeds $75,000, the requirements for removal under 28 U.S.C. Sections 1332(a) and 1441(a) are satisfied, and this Court has original jurisdiction.

19. **Service of Notice of Removal on State Court.** A true and correct copy of this Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of San Diego, as required under 28 U.S.C. Section 1446(d). *See* Mayers Decl. ¶ 6.

## IV.

## CONCLUSION

20. WHEREFORE, Defendant respectfully requests that this civil action be removed from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California and that the Court proceed with this matter as though it had been originally filed in this Court.

DATED: July 17, 2014

MULVANEY BARRY BEATTY LINN & MAYERS LLP

By: /s/ John A. Mayers
John A. Mayers
Attorneys for Defendant Anastasia International, Inc.